**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NATHAN B. MARTIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. CIV-08-1206-D** |
| | ) | |
| **JOHN WHETSEL,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C). The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] and for the following reasons, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges the legality of his confinement at the Oklahoma County Detention Center where he is awaiting trial on one count of second degree robbery in Oklahoma County District Court Case No. CF-2007-3864.[2] See Petition, p. 1. In connection with that proceeding, Petitioner alleges that he has been denied his Sixth

---

[1] Pursuant to Rule 1(b), Rules Governing Section 2254 Cases, these rules may be applied, at the Court's discretion, to habeas cases other than those brought pursuant to 28 U.S.C. § 2254.

[2] Petitioner did not provide the case number for the criminal proceeding made the basis of his § 2241 petition, but Oklahoma County District Court records indicate that CF-2007-3864 is the only action pending against Petitioner. It is thus presumed that this is the action about which Petitioner complains. The docket shows a trial setting of February 23, 2009.

Amendment right to the effective assistance of counsel because he was arraigned without counsel. Id. at 2. Petitioner also contends he has been unlawfully seized and illegally arrested in violation of the Fourth Amendment. Specifically, he complains that he was arrested without a warrant, and that the State has never been required to demonstrate probable cause to justify his continued confinement. Id. at 3-4. He seeks immediate release from confinement. Id. at 3-5.

## I. INITIAL SCREENING STANDARD

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases.

## II. DISCUSSION

Although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the Petitioner. Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993); see also Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine is based on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems. Younger, 401 U.S. at 44-45. The Younger doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an

adequate opportunity to hear federal constitutional claims. Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003).

An exception to this mandatory rule of abstention, exists only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 85 (1971); accord Younger, 401 U.S. at 54 (creating exception upon "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"); see also Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989) (noting that abstention under Younger is mandatory if the above three conditions are met, absent extraordinary circumstances). According to Younger, the irreparable injury necessary to overcome the presumption of abstention must be "both great and immediate." Younger, 401 U.S. at 45 (quotation omitted). Further, although Younger involved an injunctive proceeding, Younger abstention principles are applicable to a habeas action seeking to stop a state prosecution. See Dolack v. Allenbrand, 548 F.2d 891, 893 (10th Cir. 1977). A dismissal based upon Younger abstention is jurisdictional, D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223, 1228-29 (10th Cir. 2004), and thus should be made without prejudice. Wideman v. Colorado, Nos. 07-1152, 07-1154, 242 Fed. Appx. 611, 615 (10th Cir. Oct. 1,

2007), cert. denied Wideman v. Colo. Family Enforcement Servs., 128 S. Ct. 1740 (2008).[3]

Here, all three conditions for Younger abstention are met. First, there are ongoing state criminal proceedings in the District Court of Oklahoma County in Case No. CF-2007-3864; indeed, the docket sheet for this action indicates that Petitioner's trial is set for February 2009, and although the trial date has been reset several times, the deferral of a trial does not nullify a pending state prosecution's "ongoing" character for Younger purposes. See, e.g., Gauntlett v. Cunningham, No. 05-6065, 171 Fed. Appx. 711, 713 n.1 (10th Cir. March 13, 2006). Furthermore, there is no question that the prosecution of those accused of violating state law implicates an important state interest. See, e.g., Hicks v. Miranda, 422 U.S. 332, 349 (1975) (invoking Younger abstention in a case involving a pending state criminal prosecution, noting that the doctrine was "designed to permit state courts to try state cases free from interference by federal courts . . . ." (quotation and citation omitted)). Finally, the Oklahoma courts provide Petitioner with an adequate opportunity to present his federal constitutional claims. Under Oklahoma law, a defendant in a felony case is entitled to a preliminary hearing to determine whether there is probable cause to hold him for a criminal prosecution. See Okla. Stat. tit. 22, § 258. Oklahoma law recognizes that the right to counsel attaches at arraignment, see Miller v. State, 29 P.3d 1077, 1080 (Okla. Crim. App. 2001), ensures that counsel is provided for indigent defendants, see generally Okla. Stat. tit. 22, § 1355, and provides opportunities to address other pretrial matters, see generally Okla.

---

[3] This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Stat. tit. 22, ch. 7. The docket sheet from the criminal action pending against Petitioner demonstrates that a warrant for Petitioner's arrest was issued by an Oklahoma County judge on July 5, 2007. Petitioner was arraigned and counsel was appointed to represent him on July 9, 2007. Further, the docket shows that appointed counsel has represented Petitioner throughout the proceedings. Case No. CF-2007-3864, District Court of Oklahoma County, Docket. The docket sheet indicates that a preliminary hearing was held on November 28, 2007, where Petitioner was represented by counsel, and it was determined that probable cause existed to bind Petitioner over for trial. Id. Thus far then, it appears that the Oklahoma state courts have provided Petitioner with adequate opportunity to address his federal constitutional claims. Moreover, after Petitioner's trial, and assuming he is convicted, he will have the opportunity to directly appeal his conviction and sentence where his federal constitutional claims may be raised, see Okla. Stat. tit. 22, § 1051, and he will also have the chance to present federal constitutional claims in a post-conviction application for relief. See Okla. Stat. tit. 22, § 1080. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Thus, state court proceedings will provide ample opportunity for Petitioner to present his federal constitutional claims, and he has made no specific showing to the contrary.

Given that the Younger abstention conditions are all satisfied, the Court should abstain from hearing Petitioner's claims unless he can establish that an exception to Younger

abstention applies. Petitioner has not alleged or demonstrated any facts indicating that this is one of the rare cases of "proven harassment" or that his prosecution has been "undertaken by state officials in bad faith without hope of obtaining a valid conviction," or that this is an "extraordinary circumstance[] where irreparable injury can be shown." Perez, 401 U.S. at 85.[4]

## RECOMMENDATION

For the foregoing reasons, it is recommended that this action be dismissed without prejudice upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 5, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Court Clerk is directed to send a copy of this Report and Recommendation to the Oklahoma County District Attorney on behalf of the Respondent.

[4] Petitioner filed a motion asking this Court to issue an order to the Oklahoma County Detention Center requiring the detention center to withdraw the $5 filing fee for this action from his account and send it to the Court. [Doc. No. 4]. The filing fee has been paid so Petitioner's motion is moot.

**ENTERED this 16th day of December, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE