**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NATHAN B. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-08-1206-D |
| | ) |
| JOHN WHETSEL, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner, a pretrial detainee appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. After completing the required initial review of the petition, the Magistrate Judge filed a Report and Recommendation [Doc. No. 10] in which he recommended that the petition be dismissed upon filing because, pursuant to *Younger v. Harris*, 401 U.S. 37 (1991), the Court should abstain from exercising its jurisdiction over Petitioner's claims.

In the Report and Recommendation, the Magistrate Judge advised Petitioner of his right to object to the same and set a January 5, 2009 deadline for filing objections. On January 5, 2009 Petitioner submitted two filings to the Court [Doc. Nos. 11 and 12].[1] Although Petitioner does not refer to either submission as an objection to the Report and Recommendation, both discuss the allegations in his habeas petition; thus, these submissions may arguably be construed as objections to the Report and Recommendation. Accordingly, the matter is reviewed *de novo*.

As the Magistrate Judge correctly noted, the Petition shows that all of the asserted claims

---

[1] One of the submissions was filed only in this case, while the second shows the case number for both this action and a separate case, No. CIV-08-1223-HE, which is also pending in the Western District of Oklahoma and is assigned to the Honorable Joe Heaton. The content of that submission [Doc. No. 12] is considered herein only as it applies to this case.

involve Petitioner's pretrial detention at the Oklahoma County Detention Center while he is awaiting trial on one count of second degree robbery in Oklahoma County District Court Case No. CF-2007-3864. Petitioner alleges that, during his confinement on that charge, he has been subjected to several constitutional rights violations. Specifically, he asserts a denial of his Sixth Amendment right to effective assistance of counsel based on the allegation that he was arraigned without counsel. He also claims a denial of his Fourth Amendment rights based on an allegedly unlawful seizure and arrest.

As the Magistrate Judge explained in the Report and Recommendation, while § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, a federal court should abstain from exercising that jurisdiction if the petition raises issues which may be resolved in the state court trial on the merits or in other state proceedings. *Younger*, 401 U.S. at 44-45; *Capps v. Sullivan*, 13 F. 3d 350, 354 n. 2 (10th Cir. 1993). Known as the *Younger* doctrine, this rule provides that a federal court should not intervene in state criminal prosecutions initiated prior to the federal suit where the state court proceedings are: 1) ongoing, 2) implicate important state interests, and 3) offer an adequate opportunity to hear federal constitutional claims. *Winnebago Tribe of Neb. v. Stovall*, 341 F. 3d 1202, 1204 (10th Cir. 2003).

The Magistrate Judge discussed in detail the application of the *Younger* doctrine to Petitioner's claims. Report and Recommendation at pp. 3-5. That discussion need not be repeated here but is adopted as though fully set forth herein. He also correctly concluded that Petitioner asserted no argument and presented no authority to support any recognized exception to the application of the doctrine to this case. Accordingly, the Court finds that it should, as recommended,

abstain from exercising its jurisdiction over Petitioner's claims in this case.[2]

The Court has reviewed and considered the January 5, 2009 submissions of Petitioner. He offers no argument or authority that persuades the Court to reject the Magistrate Judge's recommendation. Accordingly, the Report and Recommendation [Doc. No. 10] is adopted as though fully set forth herein. The Petition is dismissed upon filing without prejudice to the filing of a new action.

IT IS SO ORDERED this  25th   day of February, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]*The Magistrate Judge noted that Petitioner did not identify the state charge for which he was detained; however, the Oklahoma County District Court records reflect that CF-2007-3864 is the only action pending against Petitioner. The docket in that case reflects that the trial in that case commenced on February 23, 2009 and that Petitioner was acquitted of the charge on February 24, 2009; thus, he is no longer a pretrial detainee who may seek habeas relief pursuant to § 2241, and this action is subject to dismissal as moot. Aragon v. Shanks, 144 F. 3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 423 U.S. 1 (1998)). If, however, Petitioner remains a pretrial detainee, the Court must abstain under Younger. Because Petitioner's status as a pretrial detainee cannot be determined with certainty at this time, the Court concludes that dismissal without prejudice is the proper disposition of this case.*